UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHENGLI ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. Act. No. 07-1209 (RWR) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary, Department of | ) |
| Homeland Security, et al. | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT,

Defendants, by and through their undersigned counsel, hereby move to dismiss the above styled action pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction.

The Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support of this motion, as well as the entire record in this case. A proposed Order is also attached.

WHEREFORE, Defendants request that the Court dismiss this action with prejudice.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, Esq. D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS,  D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Suite 4-4808
Washington, D.C. 20530
(202) 305-1334

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHENGLI ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Act. No. 07-1209 (RWR) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary, Department of | ) |
| Homeland Security, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Defendants, through their undersigned counsel, submit this memorandum in support of their motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Mr. Zhang filed this action seeking the extraordinary relief of an order requiring the Department of Homeland Security (DHS) to adjudicate his new May 1, 2004 Application for Asylum and for Withholding of Removal (Asylum Application), when, in fact, he submitted a previous Application, which was denied by the Immigration and Naturalization Service (INS) in 2000. See Application attached to Complaint; see Zhang v. Immigration and Naturalization, 348 F.3d 289, 291 (1st Cir. 2003).

In 1996 and again in 1997, Mr. Zhang came to the United States. Id. Mr. Zhang overstayed his visa and INS filed a deportation action. Id. Mr. Zhang sought relief from deportation by filing an application for asylum and the withholding of removal. Id. On November 7, 2000, the Immigration Judge denied asylum. Id. Mr. Zhang then filed a notice of appeal with the Board of Immigration Appeals (BIA). Id. The BIA affirmed the Immigration

Judge.  Id.

On April 29, 2002, Mr. Zhang filed a motion with the BIA to reopen and reconsider its decision.  Id.  The BIA denied reconsideration and denied reopening the application.  Id.  Thereafter, Mr. Zhang appealed the BIA's denial of asylum to the 1st Circuit Court of Appeals.  Id.[1]  The Court held that: (1) it lacked jurisdiction to review denial of asylum where the applicant appealed the denial well over the thirty-day limit; (2) the BIA did not abuse its discretion in denying Mr. Zhang's motion to reopen; and (3) the BIA did not abuse its discretion in denying the motion for reconsideration.  Id., at 289.

This Court has no jurisdiction to hear this action.  Accordingly, for these reasons, more fully explored below, the Court should dismiss this petition with prejudice.

## ARGUMENT

### The REAL ID Act Makes Clear That The District Courts Lack Jurisdiction To Review Claims Related To An Alien's Removal From The United States

Mr. Zhang's claims fall within the reach of several jurisdictional provisions of the Immigration and Nationality Act which vest exclusive jurisdiction in the Courts of Appeals.  Pursuant to recent Congressional legislation, these provisions specifically preclude mandamus review in district court by expressly referencing these statutes at 28 U.S.C. §§ 2241 & 1361, respectively.[2]  See REAL ID Act at § 106(a).

---

[1] Mr. Zhang's current recourse is a motion to reopen the original denial of the asylum application based upon his alleged changed circumstances.  The motion should be filed with the Immigration Judge that denied the application.  See 8 CFR 103.23 (b)(4); 8 CFR 103.23(b)(4); 8 USC 1252 (a)(5); and 8 USC 1252(d).

[2] Mr. Zhang's claims under the Administrative Procedures Act (APA), 5 U.S.C. § 701, et seq., also fail because, as quoted above, the amendments to the REAL ID Act preclude district

On May 11, 2005, the President signed the REAL ID Act into law. Section 106(a) of the REAL ID Act makes significant amendments to the INA's jurisdictional statute at 8 U.S.C. § 1252, to clarify that district courts lack jurisdiction, habeas or otherwise, to review any removal order or removal-related claim for any alien, criminal or non-criminal. As a result, § 1252, which the Supreme Court in INS v. St. Cyr, 533 U.S. 289 (2001) found to preclude "judicial review" over criminal aliens' removal orders, but not to preclude "habeas review" in district court, now clearly precludes **all** review in district court, including habeas corpus review of criminal **and** non-criminal aliens' removal orders and removal-related claims such as those Mr. Zhang has presented in this case. Specifically, § 106(a)(3) of the REAL ID Act amended 8 U.S.C. § 1252(g), now states as follows:[3]

> (g) EXCLUSIVE JURISDICTION. Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The reference in § 1252(g) to "[e]xcept as provided in this section" refers to Section 1252, which provides that judicial review of removal orders is available only in the court of appeals through a petition for review; not in district court. Further, by making express reference to the habeas corpus statute at 28 U.S.C. § 2241, and the mandamus statute at 28 U.S.C. § 1361, Congress made clear that there is no longer such jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal

---

court review "notwithstanding any other provision of law (statutory or nonstatutory)".

[3] The emphasis is added to show the amended text.

orders."

Moreover, Congress made the amendment to § 1252(g) and all of the other amendments in § 106(a) of the REAL ID Act effective immediately and applicable to any "final administrative orders of removal, deportation, exclusion" that was "issued before, on, or after the date of enactment of this division." REAL ID Act § 106(b). Accordingly, the amendments in § 106(a) apply to this case because Mr. Zhang seeks mandamus review of the execution of a removal order which was "issued before . . . the date of enactment" of the REAL ID Act.[4] Id. In this case, Mr. Zhang challenges the INS' initial decision in 2000 to deny his request for asylum. That is the gravamen of his suit from which his various requests for relief flow. Thus, this suit clearly falls withing the language of § 1252(g) precluding judicial review in the district court of any cause or claim by any alien arising from the action of respondents to execute removal orders.

Finally, to the extent Mr. Zhang asserts that this case is distinguishable, and therefore jurisdiction exists in this Court, because he is not attempting a direct challenge to a final order of removal, that argument should be rejected as well. Under the familiar reasoning of Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"), exclusive jurisdiction would reside in the Court of Appeals because of the jurisictional provisions in the INA as amended by the REAL ID Act. In TRAC, the Court of Appeals for this circuit held that where a statute commits review of agency action to the Court of

---

[4] REAL ID § 106(c) provides for the transfer of habeas petitions to the courts of appeals if such petitions were pending on the date that the REAL ID Act was enacted and if they challenged the removal order under 28 U.S.C. §2241, further underscoring Congressional intent to consolidate in the courts of appeal any challenges to the commencement of proceedings, adjudication of cases and the execution of removal orders.

Appeals, any suit seeking relief that might affect the court's future jurisdiction is likewise subject to the exclusive jurisdiction of the appellate court. Id. at 77. As the Court in TRAC reasoned

> By lodging review of agency action in the Courts of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power. It would be anomalous to hold that this grant of authority only strips the District Court of general federal question jurisdiction under 28 U.S.C. § 1331 (1982) when the Circuit Court has present jurisdiction under a special review statute, but not when the Circuit Court has immediate jurisdiction under the All Writs Act in aid of its future statutory review power.

Id. (footnote omitted). Here, under the statutory scheme in the INA, as amended by the REAL ID Act, this Court has no present or future jurisdiction over matters pertaining to Zhang's removal proceedings. These are matters intrusted to the exclusive jurisdiction of the courts of appeals.

Section 1252, as amended by the REAL ID Act, gives the Courts of Appeals jurisdiction to review all final orders of removal. "Implicit in this jurisdictional grant is the authority to review orders denying motions to reopen any such final order." Patel v. United States Att'y Gen., 334 F.3d 1259, 1261 (11th Cir.2003) (citation omitted); see also, Contreras-Rodriguez v. U.S. Attorney General, ___ F.3d ___, 2006 WL 2473974 (11th Cir.) (reviewing denial of motion to reopen of alien who had been removed from the United States);[5] and Sadhvani v. Chertoff, 460

---

[5] The facts of Contreras-Rodriguez are distinguishable and the holding rests on a statutory and regulatory exception allowing any alien to reopen *in absentia* proceedings at any time, if the alien demonstrates that he or she did not receive notice of the scheduled proceedings. See 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Contreras-Rodriguez, who was ordered removed in absentia, made such a claim. The Court determined that under the statute, the BIA retained jurisdiction to reopen the alien's proceedings. Here, there is no claim that Mr. Zhang was ordered removed in absentia and without notice of the removal hearing. Indeed, he testified at the hearing. See Zhang, 348 F.3d 289, 292 - 293. The case demonstrates, however,

F. Supp. 2d 114 (D.D.C. 2006)(The INA commits review of agency action in the immigration context exclusively to the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.)  Thus, it is clear that under TRAC, exclusive jurisdiction, to the extent that it exists, should reside with the Courts of Appeals.

## CONCLUSION

For all of the reasons set forth, the Defendants request that the plaintiff's complaint be dismissed.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, Esq. D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS,  D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Suite 4-4808
Washington, D.C. 20530
(202) 305-1334

Counsel for Defendants

---

that the appellate court is the appropriate one to hear Zhang's claims.

6