UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------x
SHENGLI ZHANG                               :
                                            :    CIVIL ACTION NO.: RWR-07-1209
             Plaintiff,                     :
                                            :
        v.                                  :
                                            :
MICHAEL CHERTOFF,                           :
Secretary, Department of Homeland Security, :
*et al*.                                    :
                                            :
             Defendants.                    :
----------------------------------------------------------x

### RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

#### INTRODUCTION

The Defendants, in their official capacity as heads of the U.S. government agencies, in particular the U.S. Citizenship & Immigration Services ("USCIS")[1] and the U.S. Department of Justice, have moved to dismiss the Amended Complaint filed by Plaintiff Shengli Zhang. The Plaintiff's Amended Complaint (Paper No. 11) seeks an order for mandamus requiring the Defendants' to timely adjudicate his Application for Asylum and for Withholding of Removal. (See Exhibit filed at Paper 11-2). In doing so, the Defendants have inaccurately stated Plaintiffs' claim for relief and incompletely cited the precedent of this Court, as further described in this Response. Thus, for the following reasons, Defendants' Motion should be denied.

---

[1] The terms Immigration and Naturalization Service ("INS"), Department of Homeland Security ("DHS") and U.S. Citizenship & Immigration Services ("USCIS") as used herein all refer to the same administrative agency responsible for deciding asylum matters.

1

The facts underlying this action are set forth in Plaintiff's Amended Complaint and are incorporated herein by reference.  For purposes of the Motion, all of the facts alleged in the Amended Complaint must be accepted as true, and in fact the Defendants have not attempted to contest any of these facts.

In brief, this case arises as the result of a miscarriage of justice as factually determined by the U.S. Court of Appeals for the First Circuit in Zhang v. INS, 348 F.3d 289 (1st Cir. 2003). Plaintiff Zhang was prosecuted by the Chinese government for the political crime of declaring his support for democracy, imprisoned for years, tortured and suffered continued persecution. Plaintiff came to the U.S. and filed for asylum in 1998. The Immigration Judge ("IJ") erroneously denied his request for asylum finding his story "fantastic," and erroneously finding a requirement for the Plaintiff to locate a specific corroborating witness from the U.S. State Department.  He was not able to do so by the time his administrative appeal rights had expired. By the time he was able to fortunately find this specific corroborating witness, the INS and then the Board of Immigration Appeals refused to reopen and reconsider his case.  This refusal was appealed to the U.S. Court of Appeals for the First Circuit. (Amend Complaint Para. 13- 18).

There, although the U.S. Court of Appeals was forced to deny Mr. Zhang's appeal on procedural grounds because it lacked jurisdiction to hear the corroborating facts, the Defendant Department of Justice admitted that had Plaintiff made a timely appeal of the original agency decision, the new evidence available only following the expiration of the hearing and time for appeal would have compelled a finding in Plaintiff Zhang's favor. (Amended Complaint, para.19-20).

In May 2004, Plaintiff submitted a new Application for Asylum based on this new

evidence constituting changed circumstances affecting his eligibility for asylum. (See Exhibit filed at Paper 11-2). The Defendants breached their duty to timely process and adjudicate Plaintiff's new Application for Asylum. The USCIS Service Center was required to mail an Acknowledgement of Receipt notice within three business days and place it in the applicant's file within ten business days and forward the new file to the appropriate office within twenty-one days of receipt. They were then required to schedule Plaintiff for a new interview and provide a new adjudication. They breached all of these duties. (Amended Complaint, para. 22 -25).

## ARGUMENT

### This Court Has Jurisdiction Because Plaintiff Is Not Seeking To Challenge Or Review Any Order Of Removal

The fatal flaw in Defendants' argument is their need to re-cast this dispute as an attempt to obtain a mandamus review of a "final administrative order of removal, deportation, exclusion" or for habeas corpus." Defendants' Memorandum pp. 3-4). This action, however, is for mandamus to compel the USCIS to timely perform its statutory duty as a government agency regarding the new Application for Asylum, which this government agency has failed to process or act upon in any reasonable manner. Plaintiff already exhausted his remedies under the original hearing, filing a Motion to Reopen and Reconsider at the agency, at the Board of Immigration Appeals ("BIA") and with U.S. Court of Appeals for the First Circuit.

Due to Plaintiff's new evidence – a corroborating witness and a document – and the admission of the Defendant Department of Justice that Plaintiff Zhang should have been granted asylum based upon this new evidence, Plaintiff filed his new Application, upon which USCIS has refused to act. Defendants have failed to provide any grounds for denial, or for their

inaction, but have left the Plaintiff in limbo, in clear violation of their own statutory duty. The relief requested is simply that this Court exercise its power of mandamus, order this government agency to grant Plaintiff a hearing within thirty days, or such time as the parties agree upon, or in the alternative, if the Court agrees there is no dispute on the record before it and the Defendants' admission that Mr. Zhang does meet the legal criteria for asylum, that Asylum be granted by order of this Court.

Moreover, to the extent Defendants rely upon the statutory language that mandamus jurisdiction does not lie in this court over claims "arising from the decision or action of the *Attorney General* to commence proceedings, adjudicate case or execute removal orders," the instant action does not allege that the Attorney General breached his duty in this regard, but that the breach of an administrative duty was that of the government agency responsible for determining asylum matters, the USCIS. Hence this case does not fall within the ambit of the exclusions under the REAL ID Act amendment under sec. 106(a) amending 8 U.S.C. 1252(g), and this Court retains jurisdiction for purposes of mandamus.

To the extent that Defendants argue that Plaintiff's recourse is a motion to reopen the original denial of the asylum application based upon changed circumstances, the Plaintiff has already done so and was denied. This avenue of relief has already by rejected by the Defendants. If Plaintiff has no other recourse, then he is doomed to an unending chain of motions and denials to the very agency that committed the original error. In the big picture, the government has placed Plaintiff Zhang on an unending and enormously costly procedural merry-go-round with

no stop in sight.² As alleged in the Amended Complaint, and not contested by Defendants in their Motion to Dismiss, Plaintiff Zhang is entitled to file a new Application for Asylum based upon changed circumstances, and this he has done without any response or action on the part of the Defendants whatsoever.

### Defendants Have Incompletely Cited this Court's Precedent in their Motion, Ignoring the Jurisdiction of This Court to Review an Agency's Duty of Timeliness Under the APA's Broad Prohibition Against Unreasonable Delaty

Defendants argue that the amendment of the jurisdictional provisions in the INA under the REAL ID Act removes jurisdiction from the District Courts under the reasoning of Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (hereinafter "TRAC"). Defendants, however, ignored a case by the U.S. District Court for the District of Columbia that cited TRAC with regard to the APA and involved Zaigang Liu, another Chinese national. In Liu v. Novak, this Court held that:

> The D.C. Circuit, however, allows review of agency inaction for certain types of claims. *See id.* One type are claims that allege that "the pace of the agency decisional process lags unreasonably." *Sierra Club v. Thomas*, 828 F.2d 783, 794 (D.C. Cir. 1987). In such cases, "the statutory duty involved . . .does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice." *Id.* Agencies most often bear this duty of timeliness as a result of the APA's broad prohibition against "unreasonable delay." *Id.* (citing Page 18 5 U.S.C. §§ 555(b), 706(1)).

Liu v. Novak, Civil Action No. EGS-07-263, p. 17-18 (D. D.C. August 30, 2007). Therefore, in the instant case, as in Liu, "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application." Id. at 18.

---

2 Plaintiff has repeatedly sought to settle this matter with the Defendants and avoid such costly motions and continued litigation. In the most recent attempt, counsel for the Plaintiff attempted to arrange a settlement conference, but the Assistant U.S. Attorney assigned refused to consider resolving the matter outside of the instant litigation and action pending before this Court.

Finally, although Plaintiff believes that the Liu precedent holds that this Court has jurisdiction over this APA matter, in the event Defendants' Motion to Dismiss is granted, the requirements of justice dictate that such dismissal be with leave to re-file this Complaint with the U.S. Court of Appeals for the District of Columbia Circuit, which Defendants argue has original jurisdiction on immigration matters.

**CONCLUSION**

For the reasons set forth above, the Plaintiff requests that the Defendants' Motion to Dismiss be denied.

        Respectfully submitted,

        CONWELL, LLC


        __/s/_____
        Scott A. Conwell (Bar No. 468989)
           scott@conwellusa.com
        2138 Priest Bridge Court, Suite No. 4
        Crofton, Maryland 21114
        TELE: (410) 451-2707
        FAX: (410) 451-2706

        *Attorney for Plaintiff*

Dated: January 3, 2008


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this _3rd_ day of _January_, 2008, a true and correct copy of the foregoing Response in Opposition to Defendants' Renewed Motion to Dismiss Plaintiff's Complaint was served via ECF on the following counsel of record:

        Jeffrey A. Taylor
        Rudolph Contreras
        Heather Graham-Oliver
        U.S. Attorney's Office
        Judiciary Center Building
        555 Fourth Street, NW
        Suite 4-4808
        Washington, DC 20530


        ___/s/_____
        Scott A. Conwell