UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHENGLI ZHANG, | ) |
|         Plaintiff, | ) |
| v. | )    Civ. Act. No. 07-1209 (RWR) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, et al. | ) |
|         Defendants. | ) |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant, Michael Chertoff, Secretary, U.S. Department of Homeland Security, Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services, and Michael Mukasey, Attorney General of the Department of Justice, respectfully request that this Court, dismiss the Amended Complaint brought pursuant to the Mandamus and Declaratory Relief Act and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*

According to Plaintiff, the crux of his amended complaint is that he submitted a new Application for Asylum in May 2004 based on what he claims to be "new evidence constituting changed circumstances affecting his eligibility for asylum." Plaintiff's Opposition (Plf's opp.) at p. 3. Pursuant to this complaint, plaintiff is requesting the District Court to essentially do two things: (1) enter an order granting him asylum and/or (2) enter an order compelling the Defendants to adjudicate his asylum application. See plaintiff's Amended complaint, pp. 2 and 16.

### ARGUMENT

It is evident that the District Court has no jurisdiction to adjudicate asylum matters.

Rather asylum matters are within the sole discretion of the Attorney General. See 8 U.S.C. § 1158 (a) and (b); and 8 U.S.C. § 1252(g). The authority for an alien to file an asylum petition lies with § 1158(a) of the Act. An applicant is ordinarily barred by § 1158 (a) (2) (B) and (C), from filing an additional asylum application, except where accompanied by a timely motion to reopen and justified by changed circumstances. § 1158 (a) (2) (D). Changed circumstances is when the alien demonstrates to the <u>satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)</u>." Id. (Emphasis added). In order to demonstrate "to the satisfaction of the Attorney General" a motion to reopen should be filed with the Immigration Judge who is a part of the Department of Justice. Thus, plaintiff is required to file his petition with a motion to reopen with the Immigration Judge in Massachusetts. The Judge that originally heard the case.

     Moreover, the new asylum application is an attack on a previous removal order; hence the applicability of § 1252(g), which states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." The "except as provided in this section. . . ." language of § 1252(g) that precedes "no court shall have jurisdiction. . . ", refers to the remainder of §1252, which generally permits judicial review of removal orders only by a petition for review in the regional court of appeals. See 8 U.S.C. §§ 1252(a)(1), (a)(5). Accordingly, no court has jurisdiction except the court of appeals as otherwise provided in § 1252.

Plaintiff now appears to be arguing that he is really asking for "mandamus to compel the U.S. Citizenship & Immigration Services (USCIS) Center to timely perform its statutory duty as a government agency regarding the new application for asylum. . . ." See Plf's opp., at p. 3. Sadhvani v. Chertoff, 460 F. Supp. 2d 114, 124 (D.D.C. 2006), is instructive on this point. "It is well settled that even where Congress has not expressly stated that statutory jurisdiction is exclusive, . . .a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." Id., citing Telecomm. Research and Action Ctr., v. Fed. Commc'n Comm'n, 750 F.2d 70, 77 (D.C. Cir. 1984) (TRAC). As stated in the Defendants' Motion to Dismiss, exclusive jurisdiction resides with the Court of Appeals. As such, any and all issues pertaining to plaintiff's asylum application should likewise be decided by the Court of Appeals and not the District Court.

Plaintiff appears to rely heavily on Liu v. Novak, 509 F. Supp 2d 1 (D.D.C. 2007), arguing that defendants have allegedly failed and should be compelled to act. However, Liu can be distinguished on the merits. Liu involved the filing of an application for adjustment of immigration status under 8 U.S.C. § 1255 (a)(2)(B)[1]. The plaintiff filed suit seeking to compel

---

[1] Section 1252 (a)(2)(B), provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any othe habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review–
>
> (i) any judgment regarding the granting of relief under section . . .1255 [adjustment of status] . . ., or
>
> (ii) any other decision or action of the Attorney General or the

the federal defendants to adjudicate his application for adjustment of status. Ultimately, the District Court granted the plaintiff's motion for summary judgment and ordered the defendants to complete the adjudication of the application by a date certain. 509 F. Supp 2d at 11. Clearly, the Liu Court did not address any issue concerning removal proceedings. Nor was there any discussion in Liu regarding the jurisdiction of the Court of Appeals. Liu arguably had no other judicial recourse but to the district court. That scenario is not attendant in the instant case.

Here, Mr. Zhang overstayed his visa and the Immigration and Naturalization Service (INS) initiated removal proceedings. Mr. Zhang sought relief from deportation by filing an application for asylum and the withholding of removal. See Zhang v. Immigration and Naturalization, 348 F.3d 289, 291 (1st Cir. 2003). That application was denied and Mr. Zhang exercised his rights to file a petition for review in the First Circuit Court of Appeals. Id.

In addition, Liu is not binding upon this Court and represents the minority view in this District. Compare Orlov v. Howard, 2007 U.S. Dist. LEXIS 90147 at *19 (D.D.C. 2007) (dismissing mandamus challenge to pace of adjudication adjustment application for lack of jurisdiction and holding that a claim under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1)[2], can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.); Sun v. Alberto Gonzales, et al., No. 07-504 (Order attached hereto as Exhibit 1) (dismissing mandamus challenge to pace of adjudication of adjustment

---

Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security .

[2] A reviewing Court sometimes has the power to "compel agency action unlawfully withheld or unreasonably delayed," pursuant to 5 U.S.C. § 706 (1).

application for lack of jurisdiction.); Luo v. Keisler, 2007 U.S. Dist. LEXIS 83837, * 7 (same).

In the alternative, should this Court find that it has jurisdiction, plaintiff has failed to state a claim under either the APA or the Mandamus statute. Defendants respectfully urge this Court to follow the substantive analysis adopted by Orlov, i.e., that the APA does not apply where "statutes preclude judicial review" or "where agency action is committed to agency discretion by law." 5 U.S.C. § 701 (a)(1)(2). According to Orlov, "the pace of processing applications clearly falls within the discretion of USCIS." See Orlov, at *21. Consequently, the APA fails to provide jurisdiction for the Court to review plaintiff's claims. Further, plaintiff has failed to establish that there is a clear legal duty on the part of the Defendants to immediately adjudicate plaintiff's asylum application. Accordingly, plaintiff is not entitled to Mandamus review. See Orlov, at *19-23. The Defendants would urge however that the proper jurisdiction resides with the Court of Appeals.

## CONCLUSION

For all of the reasons set forth, the Defendants request that the plaintiff's complaint be dismissed.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, Esq. D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS,  D.C. Bar # 434122
Assistant United States Attorney



/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Suite 4-4808
Washington, D.C. 20530
(202) 305-1334
Counsel for Defendants