## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SHENGLI ZHANG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Act. No. 07-1209 (RWR)** |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **Secretary, Department of** | ) | |
| **Homeland Security,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' NOTICE OF FILING EXHIBIT 1 - SUN  v. GONZALES WHICH WAS CITED IN DEFENDANTS' REPLY.

_____Now come the Defendants and hereby file the unpublished case of <u>Jianping Sun v. Gonzales,</u> Civ. Act. No. 07-0504 (JDB), which was cited in Defendant's Reply filed on January 25, 2008 and denominated as Exhibit 1.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
HEATHER GRAHAM-OLIVER

Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JIANPING SUN,

  Plaintiff,

   v.         Civil Action No.  07-504  (JDB)

ALBERTO GONZALES, et al.,

  Defendants.

### ORDER

  Plaintiff Jianping Sun, a native and citizen of the People's Republic of China, brings this action against the United States Department of Justice, the United States Citizenship and Immigration Services ("USCIS"), the United States Department of Homeland Security ("DHS"), the Federal Bureau of Investigation ("FBI"), and related officials within these departments. Plaintiff asks this Court to compel defendants to adjudicate without further delay his pending Form I-485 application for an adjustment of immigration status to become a lawful permanent resident.

  Plaintiff filed his Application to Register Permanent Residence or Adjust Status (Form I-485) on April 24, 2004, along with a visa petition (Form I-140).  Petition ¶ 9.  After an alien applies for an adjustment of status, USCIS conducts a number of investigations to ensure that the alien is eligible for the benefit sought and is not a risk to national security.  See Decl. of Naboone Puripongs ¶ 2; Fact Sheet at 1.  Specifically, USCIS requests (a) an FBI fingerprint check for information relating to an applicant's criminal history within the United States; (b) a check against the DHS-managed Interagency Border Inspection System that "combines information

-1-

from multiple agencies, databases and system interfaces to compile data relating to national security risks, public safety issues and other law enforcement concerns"; and (c) an FBI name check, which reviews records maintained in "administrative, applicant, criminal, personnel and other files compiled by law enforcement." Fact Sheet at 2. USCIS also maintains the discretion and the authority to conduct other background investigations when necessary. Id.

According to the USCIS Fact Sheet regarding immigration security checks, "some cases legitimately take months or even several years to resolve" due to the complex, highly sensitive information that is involved in the process. Id. at 2-3. Yet, "USCIS will never grant an immigration service or benefit before the required security checks are completed regardless of how long those checks take." Id. at 1.

Plaintiff's fingerprints were taken and submitted on April 14, 2005. Petition ¶ 9. However, two background checks remain outstanding for plaintiff's application: the FBI name check and the national security background investigation. The FBI name check request for plaintiff was received by the FBI on May 18, 2004, and remains pending. See Decl. of Michael A. Cannon ¶ 22. Also, during the processing of plaintiff's application, USCIS requested a national security screening of plaintiff, which remains ongoing. See Decl. of Naboone Puripongs ¶¶ 8-9.

Believing USCIS has unreasonably delayed the adjudication of his adjustment of status application, plaintiff filed with this Court a petition for mandamus on March 14, 2007. Defendants have now moved to dismiss plaintiff's case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The issues in this matter are controlled by this Court's decision in Orlov v. Howard, Civil Action No. 07-350, issued on this

date.  The Court refers the parties to the memorandum opinion issued in <u>Orlov</u> for a full

discussion of the issues.

Stated succinctly, this Court lacks jurisdiction to review the ongoing pace at which

plaintiff's application is being adjudicated.  The Immigration and Nationality Act, 8 U.S.C. §

1255(a), provides that: "The status of an alien . . . <u>may be adjusted</u> by the Attorney General, <u>in</u>

<u>his discretion</u> and under such regulations <u>as he may prescribe</u>, to that of an alien lawfully

admitted for permanent residence if" certain conditions are met.[1]  In the absence of statutorily

prescribed time limitations or statutory factors to guide USCIS in crafting regulations for the

adjustment process, Congress clearly intended to leave the pace of processing adjustment

applications within the discretion of USCIS.  Because 8 U.S.C. § 1252(a)(2)(B)(ii) divests

federal courts of jurisdiction to review a discretionary decision or action of USCIS, and an

"action" includes any discretionary act or series of acts within the adjustment of status process

(including the pace of completing various security checks), this Court lacks jurisdiction over

plaintiff's petition.[2]

_____

[1]Although the text of 8 U.S.C. § 1255 refers to the Attorney General, the discretionary
authority to adjudicate adjustment applications and promulgate regulations has been transferred
to the Secretary of Homeland Security and the United States Citizenship and Immigration
Services.  <u>See</u> 6 U.S.C. §§ 271(b), 557.  The Court will therefore refer to USCIS as the entity
with discretionary authority.

[2]Section 1252(a)(2)(B), provides that:

Notwithstanding any other provision of law (statutory or nonstatutory), including section
2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of
such title, and except as provided in subparagraph (D), and regardless of whether the
judgment, decision, or action is made in removal proceedings, no court shall have
jurisdiction to review--
(i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of
status] . . . , or

The Administrative Procedures Act ("APA") also does not confer jurisdiction upon this Court to review plaintiff's claim because the APA does not apply where "statutes preclude judicial review" or "where agency action is committed to agency discretion by law."  5 U.S.C. § 701(a)(1), (2).  And finally, mandamus may not issue here because plaintiff has failed to demonstrate that defendants have a clear duty to increase the pace at which they are processing his application and because plaintiff has failed to demonstrate that he has a clear right to the relief sought.  See In re Medicare Reimbursement Litig., 414 F.3d 7, 10 (D.C. Cir. 2005) (explaining that "a district court may grant mandamus relief if '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff'") (quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002)).

Accordingly, upon careful consideration of the motion and the parties' memoranda, the applicable law, and the entire record, and for the reasons stated in the memorandum opinion issued on this date in Orlov v. Howard, it is this 10th day of December, 2007, hereby

**ORDERED** that [8] defendants' motion to dismiss is **GRANTED**; and it is further

**ORDERED** that the case is dismissed against all defendants.

**SO ORDERED.**


                                              /s/ John D. Bates
                                              JOHN D. BATES
                                     United States District Judge

---

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .