## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SHENGLI ZHANG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Act. No. 07-1209 (RWR)** |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **Secretary, Department of** | ) | |
| **Homeland Security, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

_____Defendants, by and through their undersigned counsel, hereby move for summary judgment pursuant to Fed. R. Civ. P. 56 and in opposition to Plaintiff's motion for summary judgment.

The Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support of their cross motion, as well as the entire record in this case. A proposed Order is also attached.

WHEREFORE, Defendants request that the Court dismiss this action with prejudice.

Respectfully submitted,

/s/

_____
JEFFREY A. TAYLOR, Esq. D.C. Bar # 498610
United States Attorney

/s/

_____
RUDOLPH CONTRERAS,  D.C. Bar # 434122
Assistant United States Attorney


/s/

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Suite 4-4808
Washington, D.C. 20530
(202) 305-1334

Counsel for Defendants

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SHENGLI ZHANG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Act. No. 07-1209 (RWR)** |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **Secretary, Department of** | ) | |
| **Homeland Security, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
TO WHICH THERE IS NO GENUINE DISPUTE AND RESPONSE TO PLAINTIFF"S
STATEMENT OF FACTS**

_____Pursuant to Local Rule 7(h), Defendant hereby submits the following Statement of

Material Facts as to which there is no Genuine Dispute.

1.      Plaintiff initially filed for asylum on February 2, 1998, with the Immigration and

Naturalization Service's (INS) Boston office.  Amended Complaint (Am. Compl.) § 13.

2.      On November 7, 2000, an Immigration Judge (IJ) issued a decision denying Plaintiff's

application for Asylum and Withholding of Removal and ordering him to be removed and

deported to the People's Republic of China.  See Exhibit A, Removal Order; Am. Compl. § 14.

3.      Thereafter, the Board of Immigration Appeals (BIA), affirmed the IJ's decision to deny

the Plaintiff's application for asylum and withholding of removal.  See Exhibit B, the BIA's

Decision, p.1.

4.      After the BIA's denial, the Plaintiff filed a motion to reopen or for reconsideration of the

IJ's decision alleging error in the IJ's decision and submitting new evidence in the form of an

1

affidavit to corroborate Plaintiff's claim that he scaled a wall into the embassy and served time in a labor camp.  See, id.

5.      The BIA declined to reconsider and found no grounds upon which to reopen.  Id.  This denial was appealed to the U.S. Court of Appeals for the First Circuit.  Am. Compl. § 19.  The First Circuit held that: (1) it lacked jurisdiction to review denial of asylum where the applicant appealed the denial well over the thirty-day limit; (2) the BIA did not abuse its discretion in denying Mr. Zhang's motion to reopen; and (3) the BIA did not abuse its discretion in denying the motion for reconsideration.  See Zhang v. Immigration and Naturalization, 348 F.3d 289, 289 (1ˢᵗ Cir. 2003).

6.      Plaintiff is currently under an order of removal because his first application for asylum was denied.  See Order of Removal attached as Exhibit A.

7.      On May 12, 2004, Mr. Zhang submitted another I-589 Application for Asylum and for Withholding of Removal with USCIS.  See Exhibit 1 to the Plaintiff's Amended Complaint.

**Response To Plaintiff's Statement Of Material Facts Not In Dispute**

_____Answering specifically the numbered paragraphs of Plaintiff's Statement, using the same paragraph numbering, and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

1.      Admit.

2.      Admit only that Mr. Zhang was born in Tiajin, China, near Beijing, on March 4, 1954 and deny the remaining allegations contained in paragraph 2.  See Exhibits A and B.

3.      Deny.  See Exhibits A and B.

4.      Admit.

5.      Admit.

6.      Deny.  See Exhibit B.

7.      Deny.  See Exhibit B.

8.      Deny.  See Exhibits A and B.

9.      Admit.

10.     Admit only that the administrative denial was appealed to the First Circuit U.S. Court of Appeals and deny the remaining allegations contained in paragraph 10.  See Zhang v. INS, 348 F.3d 289 (1st Cir. 2003).

11.     Deny.  Nothing in the record to determine whether this statement is true or false.

12.     Admit only that a new application was submitted.  Otherwise, deny that the application contained "all of the extensive corroborating evidence, including the specific evidence demanded by the IJ".  See Exhibits A and B.

13.     Admit only that on May 12, 2004, Mr. Zhang submitted a I-589 Application for Asylum and for Withholding of Removal with the U.S. Citizenship and Immigration Services (USCIS) and deny that it was based on "new evidence." See Exhibits A and B.

14.     Admit.

15.     Deny.  See The Affirmative Asylum Procedures Manual, of the Office of International Affairs,  Asylum Division, p. 7 (February 2003) (Manual), attached to the Plaintiff's Amended Complaint as Exhibit 3.

16.     Admit only that USCIS did not place the new asylum application in the applicant's file (A-file) within ten (10) business days or forward it to an asylum office within twenty-one (21) days of receipt but denies that it was under any obligation to do so or that it had

3

any jurisdiction over the new application.  See Manual, p. 7.

17.    Admit only that the application was not returned to Mr. Zhang as incomplete within 30 days but deny the remaining allegations contained in paragraph 17.  The application was never evaluated or processed by USCIS.  See Am. Compl. ¶ 5.  USCIS does not have jurisdiction over the application.  See Manual, p.7.

18.    Admit only that the Agency did not schedule Mr. Zhang for a new interview, conduct any interview, provide a new adjudication, or make a decision; but denies that it was under any obligation to do so or that it had any jurisdiction over the new application.  See Manual, p. 7.

19.    Deny.  See Manual, p. 7.

Finally, Plaintiff has failed to follow the mandates of LCvR 7(h), in that he has failed to include references to the parts of the record relied on to support his statement.

Respectfully submitted,

/s/

_____

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/

_____

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

4

/s/
_____

HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
202-305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SHENGLI ZHANG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Act. No. 07-1209 (RWR)** |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **Secretary, Department of** | ) | |
| **Homeland Security, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff filed his Motion for Summary Judgment pursuant to the Mandamus Act, 28

U.S.C. § 1361 to *inter alia* order the Defendants to "timely adjudicate his [second] application

for Asylum and for Withholding of Removal."[1]  See MSJ, Memorandum at p. 1.  He argues that

this is a non-discretionary duty enforceable not only under the Mandamus Act but pursuant to the

Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*., as well.  Defendant disagrees.

First, this court has no jurisdiction to act on removal matters and even if it did, Section 208 of the

Immigration and Nationality Act (Act), 8 U.S.C. § 1158, imposes no duty on the Attorney

General to act within a particular time period and further provides no justiciable standard by

which a court may review the agency's decision under the APA.  As such, Defendant is entitled

to summary judgment.

Plaintiff also argues that this Court should follow the mandates of Liu v. Novak, 509 F.

Supp 2d 1 (D.D.C. 2007) and grant him some relief.  However, Liu is inapposite to this case.  Liu

---

[1] Plaintiff is also requesting an order granting his asylum petition.

was an adjustment of status case and not one involving an application for asylum and the

withholding of removal.  Moreover, jurisdiction in asylum cases rests with the appropriate Court

of Appeals.  Consequently, summary judgment should be granted to the Defendant and the matter

dismissed.

## ARGUMENT

### I.    This Court Has No Jurisdiction Over Removal Matters.

As stated in Defendants' Motion to Dismiss, this Court has no jurisdiction over this

matter.  Rather, it is the Circuit Courts that have been granted jurisdiction to review removal

orders.  It is well settled that district courts lack jurisdiction, habeas or otherwise, to review any

removal order or removal-related claim for any alien, criminal or non-criminal.  8 U.S.C.

§ 1252(g), states as follows:[2]

> (g) EXCLUSIVE JURISDICTION.  Except as provided in this section and
> notwithstanding any other provision of law (statutory or nonstatutory), *including
> section 2241 of title 28, United States Code, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title,* no court shall have
> jurisdiction to hear any cause or claim by or on behalf of any alien arising from
> the decision or action by the Attorney General to commence proceedings,
> adjudicate cases, or execute removal orders against any alien under this chapter.

The reference in § 1252(g) to "[e]xcept as provided in this section" refers to § 1252 (a)(1) and

(5), which provides that judicial review of removal orders is available only in the court of

appeals, for the judicial circuit in which the immigration judge completed the proceedings,

through a petition for review; and not in district court.  See 8 U.S.C. §§ 1252 (a) (1) & (5).

Although Plaintiff maintains that § 1252(g) is inapplicable because this Court is not being called

upon to review a removal order but rather to order a decision on his second Application for

---

[2]  The emphasis is added to show the amended text.

Asylum and Withholding of Removal. This argument misses the mark. As of today, Plaintiff is under an order of removal because his first application for asylum was denied. See Order of Removal attached as Exhibit 1. The new asylum application is an attack on this previous removal order.

Plaintiff agrees that he initially filed for asylum on February 2, 1998, with the Immigration and Naturalization Service's (INS) Boston office. Amended Complaint (Am. Compl.) § 13. Subsequently, an Immigration Judge (IJ) issued a decision on November 7, 2000 denying Plaintiff's application for Asylum and Withholding of Removal and ordering him to be removed and deported to the People's Republic of China. See Exhibit A, Removal Order; Am. Compl. § 14. Thereafter, the Board of Immigration Appeals (BIA), affirmed the IJ's decision to deny the Plaintiff's application for asylum and withholding of removal. See Exhibit B, the BIA's Decision, p.1. The Plaintiff then filed a motion to reopen or for reconsideration of the IJ's decision alleging error in the IJ's decision and submitting new evidence in the form of an affidavit to corroborate Plaintiff's claim that he scaled a wall into the embassy and served time in a labor camp. See, id. The BIA declined to reconsider and found no grounds upon which to reopen. Id. This denial was appealed to the U.S. Court of Appeals for the First Circuit. Am. Compl. § 19. The First Circuit held that: (1) it lacked jurisdiction to review denial of asylum where the applicant appealed the denial well over the thirty-day limit; (2) the BIA did not abuse its discretion in denying Mr. Zhang's motion to reopen; and (3) the BIA did not abuse its discretion in denying the motion for reconsideration. See Zhang v. Immigration and Naturalization, 348 F.3d 289, 289 (1st Cir. 2003).

If Plaintiff is still currently in the United States, he remains under a removal order. The

3

IJ's denial of Plaintiff's initial asylum application was affirmed on appeal by the BIA and then by the First Circuit. Consequently, the order of removal is binding on everyone forever unless it is reopened by the IJ pursuant to "changed circumstances" under 8 U.S.C. § 1158 (a)(2)(D).

Furthermore, the regulations at 8 CFR § 1003.23 (b)(i) and (ii) allow for motions to reopen and/or for reconsideration. Such motions are filed with the IJ that entered the decision denying the initial asylum application. There is no time limit or limitation on the filing of such motions where there are changed circumstances materially affecting the applicant's eligibility for asylum. See 8 CFR §§ 1208.4(a)(4) and 1003.23(b)(i) and (ii). Hence, USCIS has no jurisdiction over the matter. Rather, the Plaintiff should file his motion to reopen or for reconsideration in front of the IJ.

Finally, under the familiar reasoning of Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"), exclusive jurisdiction would reside in the Court of Appeals because of the jurisdictional provisions in the Act. In TRAC, the Court of Appeals for this circuit held that where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the court's future jurisdiction is likewise subject to the exclusive jurisdiction of the appellate court. Id. at 77. As the Court in TRAC reasoned

> By lodging review of agency action in the Courts of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power. It would be anomalous to hold that this grant of authority only strips the District Court of general federal question jurisdiction under 28 U.S.C. § 1331 (1982) when the Circuit Court has present jurisdiction under a special review statute, but not when the Circuit Court has immediate jurisdiction under the All Writs Act in aid of its future statutory review power.

Id. (footnote omitted). Here, under the statutory scheme of the Act, this Court has no present or

4

future jurisdiction over matters pertaining to Plaintiff's removal proceedings.  These are matters intrusted to the exclusive jurisdiction of the First Circuit Court of Appeals.

## II.    In The Alternative, Mandamus Does Not Lie For Discretionary Acts.

In the alternative, should this Court find that it has subject matter jurisdiction, plaintiff has failed to state a claim under either the APA or the Mandamus statute.  The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361; Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005).  The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations.  Fornaro, 416 F.3d at 69; Consolidated Edison v. Ashcroft, 286 F.3d 600, 605 (D.C. Cir. 2002).  Because of the potential conflict between the branches of government engendered by use of this remedy, courts have limited its application to "only . . .the clearest and most compelling cases."  13th Regional Corp., v. U.S. Dep't of Interior, 654 F.2d 758 (D.C. Cir. 1980); Cartier v. Secretary of State, 506 F.2d 191, 199 (D.C. Cir. 1974) (preferring to relegate mandamus to the status of an "extraordinary remedy").  Accordingly, a writ of mandamus may only be issued when a petitioner has demonstrated the following elements: (1) the plaintiff has a clear legal right to the relief sought; (2) the defendant has a clear legal duty to act; and (3) there is no other adequate remedy available to plaintiff.  In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C. Cir. 2005); Counsel of and for the Blind, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983).

Accordingly, a writ of mandamus will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and clearly defined.  The law must not only

5

authorize the demanded action, but require it; and the duty must be clear and indisputable.  In re Medicare Reimbursement Litigation, 414 F.3d at 10; 13th Regional, 654 F.2d at 760 (citations omitted); Wilbur v. United States, 281 U.S. 206, 218-19 91929) (mandamus is inappropriate except where a public official has violated a ministerial duty.  Such a duty must be "so plainly prescribed as to be free from doubt and equivalent to a positive command.  Where the duty is not thus plainly prescribed, but depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus.") The party seeking mandamus has the burden of showing that its right to the issuance of the writ is clear and indisputable.  Power v. Barnhart, 292 F.3d 781, 785 (D.C. Cir. 2002) (citations omitted).  The Plaintiff has failed to satisfy his burden of proof.

On May 12, 2004, Plaintiff submitted a second Application for Asylum and for Withholding of Removal to the U.S. Citizenship and Immigration Services (USCIS).  Plaintiff maintains that "contrary to administrative procedure and regulation, the USCIS did not mail an Acknowledgment of Receipt notice with a receipt number within three (3) business days . . .[or] forward the new A-file to the appropriate asylum office within twenty-one (21) days of receipt."  Am. Compl. ¶¶ 24, 28.  The Plaintiff also insists that "the agency [failed] to schedule the applicant for a new interview and provide a new adjudication. . ."Am. Compl. ¶ 29.  However, these assertions are irrelevant under the circumstances.

The Affirmative Asylum Procedures Manual, of the Office of International Affairs, Asylum Division (February 2003) (Manual) attached to Plaintiff's Motion for Summary Judgment, as Exhibit 3, states in pertinent part:

6

"An asylum applicant may apply for asylum after the issuance of a
final denial, or dismissal of a motion to reopen or reconsider by the
asylum office *as long as s/he is not under the jurisdiction of the
Immigration Court*. . ." (Emphasis added).

<u>See</u> Manual p. 7 at ¶ c.  Because the Plaintiff is currently under the jurisdiction of the

Immigration Court, USCIS has no jurisdiction over his application and; therefore, the manual is

inapplicable.  <u>See</u> USCIS Response Letter, dated February 19, 2008, Exhibit C.  The Manual

simply "[. .] provides information on how to process an affirmative asylum application within an

<u>asylum</u> <u>office</u>. . . ."  <u>See</u> Manual, p. 1, ¶ I (A).

Asylum is governed by 8 U.S.C. § 1158.  Section 1158 states in pertinent part:

(a) <u>Authority to apply for asylum</u>

(1) In general

Any alien who is physically present in the united States or who arrives in the
United States (whether or not at a designated port of arrival and including an alien who is
brought to the United States after having been interdicted in international or United States
waters), irrespective of such alien's status, may apply for asylum in accordance with this section
or, where applicable, section 1225(b) of this title.

(2) Exceptions

(A) Safe third country

. . . . . .
(B) Time Limit

Subject to subparagraph (D), paragraph (1) shall not apply to an alien unless the
alien demonstrates by clear and convincing evidence that the application has been filed within 1
year after the date of the alien's arrival in the United States.

(C) Previous asylum applications

Subject to subparagraph (D), paragraph (1) shall not apply to an alien if the alien
has previously applied for asylum and had such application denied.

(D) **Changed circumstances** *

**An application for asylum of an alien may be considered, notwithstanding subparagraphs (B) and (C), if the alien demonstrates to the satisfaction of the Attorney General** either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B).
(Emphasis Added)

8 U.S.C. § 1158.  Section 1158 provides that the existence of changed circumstances must be demonstrated <u>to the satisfaction of the Attorney General</u>.  Accordingly, contrary to the Plaintiff's assertions, § 1158 imposes no duty on the Attorney General to act.

Mandamus is inappropriate except where a public official has violated a ministerial duty. To be ministerial, a duty must be so plainly prescribed as to be free from doubt and equivalent to a positive command.  Where the duty depends on a statute the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus.  <u>Wilbur</u>, <u>supra</u>.   Nothing in § 1158 (D) gives Plaintiff a "clear right" to a decision granting asylum.  Section 1158 (D) clearly provides that an application for asylum <u>may</u> be considered <u>if the alien demonstrates to the satisfaction of the Attorney General the existence of changed circumstances which materially affect the applicant's eligibility for asylum</u>.[3]  The Act itself cannot be said to impose a ministerial duty upon the Attorney General.  The alien must demonstrate to the satisfaction of the Attorney General, the existence of changed circumstances.

Moreover, there is no time period in which to act.  There is nothing in the Act that

---

[3]  USCIS is a Department of Homeland Security agency, and is not a part of the Department of Justice, such as the IJ or the Board of Immigration Appeals.  <u>See</u> Exhibits A and B.

8

requires the USCIS to adjudicate a second asylum application within a certain period of time.

Indeed, if Congress intended to constrain the USCIS to adjudicate an application within a

specific amount of time, it could have provided a time limitation as it did in 8 U.S.C. § 1447(b),

which provides that a determination on a naturalization application must be made within 120

days after an examination is conducted.  Instead, using broad language, § 1158 provides that the

alien must demonstrate to the "satisfaction of the Attorney General" the existence of changed

circumstances which materially affect the applicant's eligibility for asylum.  Accord, Orlov v.

Howard, 2007 U.S. Dist. LEXIS 90147 at *11-12 (D.D.C. 2007).

 Moreover, courts should refrain from interfering with matters of immigration.  "The

Supreme Court has clearly stated that such matters are best decided by the legislative and

executive branches of government and that judicial discretion should be accorded such decisions.

See INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) (explaining that "judicial deference to the

Executive Branch is especially appropriate in the immigration context where officials 'exercise

especially sensitive political functions that implicate questions of foreign relations.'") (quoting

INS v. Abudu, 485 U.S. 94, 110 (1988)); Reno v. Flores, 507 U.S. 292 (1993) ("for reasons long

recognized as valid, the responsibility for regulating the relationship between the United States

and our alien visitors has been committed to the political branches of the Federal Government.")

(quoting Mathews v. Diaz, 426 U.S. 67 (1976)). "  Orlov, at * 17.  It is not the Court's role to

revamp the procedural system used by INS.  Id., at *18 (citations omitted).  Moreover, in removal

matters jurisdiction typically lies with the Court of Appeals for the judicial circuit in which the

immigration judge completed the proceedings.  In the instant case, it would be the First Circuit

Court of Appeals.  Hence, for the district court to grant any relief in this asylum case would set

an unwarranted precedent.  See 8 U.S.C. § 1252.

**II.     Plaintiff Has Failed To State A Viable Claim Pursuant To The Administrative Procedure Act.**

The Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq.*, would ordinarily be an alternate mode of alleging a claim of an untimely response on the part of an agency.  However, the APA only provides the district court with authority to act under certain limited circumstances. The APA does not provide any authority in cases like this one where there is a statute precluding judicial review[4] and the agency action is committed to agency discretion by law.  See 5 U.S.C. § 701 (a)(2);[5] Webster v. Doe, 486 U.S. 492, 599-600 (1988); Brock v. Pierce County, 476 U.S. 253, 260 n. 7 (1986); Heckler v. Chaney, 470 U.S. 821 (1985); and Citizens to Protect Overton Park, Inc., v. Volpe, 401 U.S. 402 (1971).

While it is true that the APA generally permits challenges to "agency action unlawfully withheld or unreasonably delayed," [5 U.S.C. § 706(1)] such claims are unreviewable by the courts if the relevant agency action is "committed to agency discretion by law."  Id., § 701 (a)(2). In Heckler v. Chaney, the Supreme Court stated that "review is not to be had if the statute is drawn so that the court would have no meaningful standard against which to judge the agency's

---

[4]  See previous discussion regarding jurisdictional matters and § 1252 of the Act.

[5]  The APA provides in pertinent part:

(a) This chapter applies, according to the provisions thereof, except to the extent that -

        (1) statutes preclude judicial review; or

        (2) agency action is committed to agency discretion by law.

5 U.S.C. § 701(a).

exercise of discretion."  470 U.S. 821, 830 (1985).  As the Court explained, "if no judicially

manageable standards are available for judging how and when an agency should exercise its

discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'" Id.; see also

Steenholdt v. Federal Aviation Admin., 314 F.3d 633, 638 (D.C. Cir. 2003) (articulating same

standard).  "The principal purpose of the APA limitations . . . and of the traditional limitations

upon mandamus from which they were derived - is to protect agencies from undue judicial

interference with their lawful discretion . . ."  Norton v. So. Utah Wilderness Alliance, 542 U.S.

55, 66 (2004).

There are no statutory or regulatory provisions which provide a "meaningful standard"

against which to measure the process of adjudicating such an application.  Heckler, 470 U.S. at

830.  Rather, it is within the discretion of the Attorney General to determine if the alien has

shown "changed circumstances which materially affect the applicant's eligibility for asylum." 8

U.S.C. § 1158 (a)(2)(D).  Section 1252 (b) (4)(A) - (D), provides the scope and standard for

review of orders of removal in the Court of Appeals.  It states in pertinent part that "the Attorney

General's discretionary judgment whether to grant relief under 8 U.S.C. § 1158(a) shall be

conclusive unless manifestly contrary to the law and an abuse of discretion."  8 U.S.C. §

1252(b)(4)(D).  Clearly, Congress intended:(1) for the Attorney General to exercise his discretion

under § 1158 and (2) that any issue pertaining to asylum applications should be decided by the

Court of Appeals and not the district court.

Because action under § 1158 (a)(2)(D) is committed to the discretion of the Attorney

General alone, the Court lacks authority to review Plaintiff's claim to order the USCIS and/or the

Attorney General to grant asylum or to act on the second asylum application.  The pace of

processing applications clearly falls within the discretion of USCIS or the Attorney General.  A

claim under 5 U.S.C. § 706(1) can proceed only where a Plaintiff asserts that an agency failed to

take a discrete agency action that it is required to take.  Orlov, at *19 (citations omitted).  Here,

as in Orlov, there are no statutory guidelines compelling USCIS or the Attorney General to act

within a certain period of time.  More to the point, USCIS and the briefing before this Court has

indicated that Plaintiff should file a motion to reopen or to reconsider before the immigration

judge who heard his initial petition together with his new application.  To that end, Plaintiff has

failed to bring his petition in front of the Attorney General for consideration and can hardly assert

that USCIS has failed to adjudicate his application within a time period in which it was required

to do so.

### III.    There Is No Controlling Precedent In This Circuit And Plaintiff's Claim Should Be Dismissed.

Plaintiff would have this Court rely upon Liu v. Novak, 509 F. Supp 2d 1 (D.D.C. 2007).

Liu however is not controlling precedent in this Circuit and did not decide the same issues that

are present before this court.  See Orlov, supra.; Sun v. Alberto Gonzales, et al., No. 07-504

(Order attached hereto as Exhibit 1to Defendants' Motion to Dismiss) (dismissing mandamus

challenge to pace of adjudication of adjustment application for lack of jurisdiction.); and Luo v.

Keisler, 2007 U.S. Dist. LEXIS 83837, * 7 (same).  In addition, one of the distinguishing factors

between this case and Liu is the fact that there is no statutory framework for judicial review in

the case of an application for adjustment of immigration status under 8 U.S.C. § 1255 (a)(2)(B).

Whereas, in the instant case, the proper judicial forum, after the exhaustion of all appeals in the

Immigration Court, is with the First Circuit Court of Appeals.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants' Cross Motion for Summary Judgment should

be granted and the Plaintiff's Motion for Summary Judgment denied.


Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR, Esq. D.C. Bar # 498610
United States Attorney



/s/
_____
RUDOLPH CONTRERAS,  D.C. Bar # 434122
Assistant United States Attorney



/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Suite 4-4808
Washington, D.C. 20530
(202) 305-1334
Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SHENGLI ZHANG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Act. No. 07-1209 (RWR)** |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **Secretary, Department of** | ) | |
| **Homeland Security, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

     This matter comes before the Court on the Defendants' Cross Motion for Summary

Judgment.  It is by the Court this _____ day of _____, 2008 hereby

     ORDERED that the Defendants' Cross Motion for Summary Judgment is hereby

GRANTED.

     ORDERED that the Plaintiff's motion for Summary Judgment is hereby DENIED.

SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE