UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHENGLI ZHANG, | ) |
|         Plaintiff, | ) |
| v. | )   Civ. Act. No. 07-1209 (RWR) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, et al. | ) |
|         Defendants. | ) |

### DEFENDANTS' NOTICE OF FILING THEIR EXHIBITS AS REFERENCED IN THEIR CROSS MOTION FOR SUMMARY JUDGMENT.

      Now comes Defendant and hereby files Exhibits A, B and C as referenced in its Cross Motion For Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment.

Defendants inadvertently failed to file Exhibits A, B and C at the same time as their Motion .

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

          _____/s/_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

U.S. Department of Justice  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A75 983 726 - Boston   Date: MAR 2 8 2002

In re: SHENGLI ZHANG

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Wei Jia, Esquire

ORDER:

 PER CURIAM. The respondent, a native and citizen of China, has appealed the Immigration Judge's denial of his application for asylum and withholding of removal under sections 208 and 241(b)(3) of the Immigration and Nationality Act. The Immigration Judge's decision is affirmed. The Immigration Judge provided specific reasons for finding the respondent's testimony insufficient to meet his burden of proof for asylum or withholding of removal. *See Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987) (an alien's own testimony may be sufficient, without corroborative evidence, to prove a well founded fear of persecution where that testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis of her fear). Furthermore, significant doubts were cast on the respondent's proffered corroborative evidence (I.J. at 6-7,12). *See Matter of Y-B-*, 21 I&N Dec. 1136 (BIA 1998) (the weaker an applicant's testimony, the greater the need for corroborative evidence). The respondent raises no arguments on appeal which were not addressed by the Immigration Judge or which would cause us to reverse the Immigration Judge's decision. The respondent's appeal is dismissed.

 FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart from the United States, without expense to the Government, within 30 days from the date of this order or any extension beyond that time as may be granted by the district director. *See* section 240B(b) of the Immigration and Nationality Act; 8 C.F.R. §§ 240.26(e), (f). In the event the respondent fails to so depart, the respondent shall be removed as provided in the Immigration Judge's order.

 NOTICE: If the respondent fails to depart the United States within the time period specified, or any extensions granted by the district director, the respondent shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act. *See* section 240B(d) of the Act.

_____  
FOR THE BOARD

GOVERNMENT EXHIBIT

A

IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of

ZHANG, SHENGLI
    Respondent

Case No.: A75-983-725

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Nov 7, 2000. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[ ] The respondent was ordered removed from the United States to _____ or in the alternative to _____

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to _____ alternative to _____

[✓] Respondent's application for voluntary departure was granted until JAN 6, 2001 upon posting a bond in the amount of $ 500 within 5 business days with with an alternate order of removal to Peoples' Republic of China. INS

[✓] Respondent's application for asylum was ( ) granted (✓) denied ( ) withdrawn.

[✓] Respondent's application for withholding of removal was ( ) granted (✓) denied ( ) withdrawn.

[ ] Respondent's application for cancellation of removal under section 240A(a) was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn or ( ) other.

[ ] Respondent's application for adjustment of status under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper notice.

[✓] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[✓] Other: Respondent declined to apply for CAT.

Date: Nov 7, 2000

Appeal: Waived (Reserved) Appeal Due By:

by Respondent DEC 7, 2000

PATRICIA SHEPPARD
Immigration Judge

FLP

ALIEN NUMBER: 75-983-726                                ALIEN NAME: ZHANG, SHENGLI

---
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [✓] INS
DATE: 11/7/00    BY: COURT STAFF _____
    Attachments:  [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other
---

96

ALIEN NUMBER: 75-983-726

Alien Number: 75-289-726                                    Alien Name: ZHANG, SHENGLI

LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( ) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for a period of ten (10) years after the date of entry of the final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, Below) for a period of ten (10) years from the date of your scheduled hearing.

(✓) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

4. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
   1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
   2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
   3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Nov 7, 2000
Immigration Judge: /s/ _____ or Court Clerk: _____

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [✓] ALIEN's ATT/REP  [✓] INS
DATE: 11/7/00   BY: COURT STAFF
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other



U.S. Department of Jus...

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Reilly, Kevin Michael, Esquire
3601 Connecticut Ave., NW, Suite 206
Washington, DC 20008-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: ZHANG, SHENGLI

A75-983-726

Date of this notice: 07/15/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
COLE, PATRICIA A.
HESS, FRED
OHLSON, KEVIN A.

GOVERNMENT EXHIBIT

B

U.S. Department of Justice  
Executive Office for Immigration Review  

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A75 983 726 - Boston    Date: JUL 15 2002

In re: SHENGLI ZHANG

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Kevin Michael Reilly, Esquire

ON BEHALF OF SERVICE: Bernard Menendez  
Assistant District Counsel

CHARGE:

   Notice: Sec. 237(a)(1)(B), I&N Act [8 U.S.C. § 1227(a)(1)(B)] -  
   In the United States in violation of law

APPLICATION: Reopening; reconsideration

   This case was last before the Board on March 28, 2002, when we affirmed the Immigration Judge's decision to deny the respondent's application for asylum and withholding of removal. The respondent now seeks reopening and reconsideration. The motion will be denied.

   The respondent seeks reconsideration and alleges errors in the Immigration Judge's decision. In opposition, the Immigration and Naturalization Service asserts that the respondent is using the motion as a vehicle to correct his failure to file a brief and to further expand on the summary statements provided on the Notice of Appeal (Form EOIR-26). We agree. The respondent now raises arguments not previously articulated on appeal. Therefore, we decline to reconsider.

   The respondent also seeks reopening. Along with his motion to reopen, the respondent has submitted an affidavit from a former Department of State employee and a document captioned "Verdict of Extending Laogai." The documents tend to corroborate the respondent's claim that he scaled a wall into the embassy and served time in a labor camp. The documents, however, do not present sufficient reason to reopen the proceedings. The Immigration Judge found that, even accepting the respondent's testimony as true, the respondent failed to sustain the burden of proof. In particular, the Immigration Judge noted that the respondent returned to China in 1996, apparently without incident (I.J. at 5, 11, 14). The Immigration Judge also noted the respondent's ability to earn a living in China following his release from the labor camp in 1986 (I.J. at 13). Even in light of the additional evidence now submitted, the Immigration Judge's alternative findings are dispositive. Therefore, we find no grounds upon which to reopen.

A75 983 726

Finally, the respondent alleges that, due to his former counsel's error, he failed to pursue relief under the Convention Against Torture (Respondent's Memorandum at 8). The respondent, however, has not complied with the requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd* 857 F.2d 10 (1st Cir. 1988). In addition, the record reveals no patent prejudice. *See id.* Accordingly, we will enter the following order.

ORDER: The respondent's motion is denied.

_____
FOR THE BOARD

**Exhibit C**

U.S. Department of Homeland Security
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479-0001



**U.S. Citizenship and Immigration Services**

February 19, 2008

VIA ELECTRONIC TRANSMISSION
AND U.S. MAIL

Scott A. Conwell
2138 Priest Bridge Court, Suite No. 4
Crofton, Maryland 21114

                                               Re:  <u>Shengli Zhang (A 75 983 726)</u>

Dear Mr. Conwell:

      I am writing this letter with regard to the second I-589 Asylum Application filed on behalf of your client Shengli Zhang (A 75 983 726). Service records reveal that your client previously filed an asylum application which was denied by an immigration judge on November 7, 2000. I regret to inform you that USCIS does not have jurisdiction to adjudicate your client's second application. The second application was filed with the United States Citizenship and Immigration Services (USCIS) on or about May 12, 2004. However, USCIS has no jurisdiction over your client's second application for Asylum. Your client is currently under the jurisdiction of the Immigration Court. Hence, you would not have received from USCIS an Acknowledgement of Receipt notice on this your second application. Neither does USCIS schedule new interviews or provide a new adjudication on second applications when the applicant is under the jurisdiction of the Immigration Court.

      Pursuant to 8 USC § 1158 an alien who has previously had an asylum denied lacks the authority to file another application. In other words there is a general prohibition on refilling after the denial of an asylum application. The only exception is when ". . . the alien demonstrates to <u>the satisfaction of the Attorney General</u> either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified. . ." 8 U.S.C. § 1158 (a)(2)(D). This means that the second application must be filed with the Immigration Judge along with a motion to reopen or for reconsideration.

      The Immigration Judge's denial of the asylum application, which was affirmed on appeal, and the order of removal is binding on everyone forever unless it is reopened. The regulations at 8 CFR § 1003.23 (b)(i) &(ii) do allow for motions to reopen or reconsider. Generally such motions are filed with the immigration judge that entered the decision denying the initial asylum application. There is no time limit or limitation on the filing of such motions where there are changed circumstances materially affecting the applicant's eligibility for asylum. See 8 CFR §§1208.4(a)(4) and 1003.23(b)(i) & (ii).

**Exhibit C**

Should you wish to pursue this matter, your motion to reopen and/or reconsider and your asylum application should be filed with Executive Office for Immigration Review where the Immigration Judge who denied your original application presides. Our records show that the initial asylum application was denied by the Boston Immigration Court and their address is:

JFK Federal Bldg.
15 New Sudbury St.
Room 320
Boston, MA 02203-0002

Sincerely,

Thomas F. McCarthy,
Vermont Service Center Counsel