UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------x
SHENGLI ZHANG                       :
                                    :
            Plaintiff,              :   CIVIL ACTION NO.: RWR-07-1209
                                    :
      v.                            :
                                    :
MICHAEL CHERTOFF, et al.            :
                                    :
            Defendants.             :
-----------------------------------------------------------x
```

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Reply Brief on their Cross Motion (Paper No. 27) also served as Defendants' Response in Opposition to the Plaintiff, Shengli Zhang's, Motion for Summary Judgment. In it, Defendants simply re-hash previous arguments already addressed by Plaintiff. In brief, they continue to rely upon Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (hereinafter "TRAC") to argue that the REAL ID Act removes jurisdiction from the U.S. District Courts. As addressed by the Plaintiff in his Response in Opposition (Paper No. 13), however, this is not the case of an appeal of a final agency decision as Defendants refuse to make a decision. Instead, as is clear from the Amended Complaint, this is a case of mandamus and the Defendants failed to inform the Court of the relevant—and recent—mandamus caselaw, namely Liu v. Novak, Civil Action No. EGS-07-263 (D. D.C. August 30, 2007)—which applied TRAC—and was decided by this Court against this same branch of the Justice Department and Defendant Department of Homeland Security. Defendants then submitted a Reply brief (Paper No. 17) and a supplemental filing (Paper No. 18) in which their analysis has been incorporated in Defendants' Motion for Summary Judgment. Contrary to Defendants' repeated assertions, Liu

also effectively teaches that this Court has jurisdiction on mandamus to compel that some decision be made, hence the law does not state that Plaintiff's sole recourse is to the U.S. Court of Appeals or in motion to reopen or reconsideration before the very administrative judge who made the original error and who had already denied any further proceedings.

Where, as here, Plaintiff has alleged that there are changed circumstances; he is not condemned to an eternal treadmill before the same misguided administrative judge. The very provision of the 2007 Manual upon which Defendants rely in their Exhibit D, p. 8 (Document 27-2) provides that although an asylum applicant may apply for asylum after issuance of a final denial or dismissal of a motion to reopen or reconsider by the Asylum Office "as long as he or she is not under the jurisdiction of the Immigration Court", it goes on to specify that "**Although the applicant may file a new asylum application, he or she is subject to the prohibitions on filing for asylum outlined in INA Section 208(a)(2)(A)(B)or (C)**." (Emphasis supplied).

Those prohibitions are statutory and governed by 8 U.S.C. § 1158, which is virtually identical to INA Section 208. Section 1158, as already discussed in Plaintiff's Reply Memorandum (Paper No. 25) which states in pertinent part:

> (a) Authority to apply for asylum
> (1) In general
> Any alien who is physically present in the united States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title. Subsections A and B are not here applicable. Subsection C is directly subject to the changed circumstances exception of (D), as previously discussed and applies by its own express terms.
> . . . . . . .
> (C) Previous asylum applications
> Subject to subparagraph (D), paragraph (1) shall not apply to an alien if the alien has previously applied for asylum and had such application denied.
> (D) **Changed circumstances**

> **An application for asylum of an alien may be considered, notwithstanding subparagraphs (B) and (C)**, if the alien demonstrates <u>to the satisfaction of the Attorney General</u> either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B).

8 U.S.C. § 1158 (Emphasis Added) (Paper No. 23 at p. 7-8). Hence Plaintiff had the right to apply for a determination of changed circumstances under the applicable statute and this Court has mandamus jurisdiction for Defendants' failure to take any action on that application.

Finally, Defendants' argument (Paper No. 27 at 3) that the 2007 Manual at page 128 prohibits jurisdiction because "**in most cases** in which an applicant is denied asylum by and IJ or the BIA, the Asylum Division does not have jurisdiction over a subsequently filed application….," must fail because that provision is limited by its own terms to "most cases" and does not trump the express statutory exception of 8 U.S.C. § 1158 (a)(1)(D) excepting changed circumstances which permit application to the Defendants Attorney General through his designated surrogate USCIS (which status Defendants no longer deny). Therefore, the Defendants, and this Court do have jurisdiction and the duty to act, and they have failed to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be granted, and Defendant's Motion for Summary Judgment should be denied.

                                Respectfully submitted,

                                CONWELL, LLC


                                __/s/_____
                                Scott A. Conwell (Bar No. 468989)
                                    scott@conwellusa.com
                                2138 Priest Bridge Court, Suite No. 4
                                Crofton, Maryland 21114
                                TELE: (410) 451-2707
                                FAX: (410) 451-2706

                                *Attorney for Plaintiff*

Dated: April 1, 2008

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this _1st_ day of _April__, 2008, a true and correct copy of the foregoing Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment was served via ECF on the following counsel of record:

          Jeffrey A. Taylor
          Rudolph Contreras
          Heather Graham-Oliver
          U.S. Attorney's Office
          Judiciary Center Building
          555 Fourth Street, NW
          Suite 4-4808
          Washington, DC 20530

          ___/s/_____
          Scott A. Conwell