**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
SHENGLI ZHANG,                 )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 07-1209 (RWR)
                               )
JANET NAPOLITANO, et al.,      )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM OPINION**

Plaintiff Shengli Zhang brings this action against the Secretary of the Department of Homeland Security ("DHS"), the Director of the U.S. Citizenship and Immigration Services ("USCIS"), and the Attorney General, seeking injunctive relief under the Administrative Procedure Act ("APA") and the mandamus statute, 28 U.S.C. § 1361, compelling the USCIS to adjudicate his new application for asylum and withholding of removal.  The defendants moved to dismiss, and the parties have filed cross-motions for summary judgment.  Because Zhang has not identified a legally required action that the defendants have failed to take, the defendants' motion for summary judgment will be granted, the plaintiff's motion for summary judgment will be denied, and the defendants' motion to dismiss will be denied as moot.

-2-

BACKGROUND

Zhang, a citizen of the People's Republic of China, brings this action seeking injunctive relief under the APA or mandamus relief compelling the USCIS to adjudicate his I-589 Application for Asylum and Withholding of Removal filed May 12, 2004.  Zhang filed an application for asylum on February 2, 1998 with the Boston office of the Immigration and Naturalization Service ("INS"), as the USCIS was then known.  (Am. Compl. ¶ 13.)  On November 7, 2000, an immigration judge denied Zhang's application, and Zhang did not timely appeal.  After acquiring additional evidence, Zhang filed a motion to reopen and reconsider his case.  The Board of Immigration Appeals ("BIA") denied the motion.  Zhang appealed the BIA's decision to affirm the immigration judge's denial of his request for asylum and the BIA's denial of his motion to reopen and reconsider to the United States Court of Appeals for the First Circuit.  In Zhang v. INS, 348 F.3d 289 (1st Cir. 2003), the First Circuit denied Zhang's appeal of the BIA's decisions, concluding that it lacked jurisdiction to review the BIA's denial of asylum and that the BIA did not abuse its discretion in denying Zhang's motion to reopen and reconsider his case.  Id. at 292-93.

On May 12, 2004, Zhang submitted a new application for asylum and withholding of removal to the USCIS Service Center for the District of Columbia.  (Am. Compl. ¶¶ 22-23.)  He alleges

-3-

that his second application is proper under the USCIS'
"administrative procedure permitting a party to submit a new
application for asylum . . . if there exists any changed
circumstances affecting a person's eligibility for asylum[.]"
(Id. ¶ 21.)  Zhang contends that the defendants have failed "to
adjudicate [his] asylum application status in a reasonably timely
fashion" in violation of applicable statute and the USCIS'
administrative procedure found in its "Affirmative Asylum
Procedures Manual," and he seeks an order directing defendants to
provide him a timely adjudication of his asylum application.
(Id. ¶¶ 24-29, 59-60, 63-65.)  The defendants have filed a motion
for summary judgment, alleging that the district court lacks
subject matter jurisdiction over Zhang's claim, and to the extent
that there is jurisdiction over Zhang's claim, Zhang is not
entitled the relief he seeks and the defendants are entitled to
judgment as a matter of law.  Zhang has filed a motion for
summary judgment, contending that he is entitled to an order
under the APA or a writ of mandamus compelling the defendants to
adjudicate his application because the defendants have failed "to
take certain nondiscretionary procedural steps" within the
required time period.  (Pl.'s Mem. in Support of His Mot. for
Summ. J. ("Pl.'s Mem.") at 4.)

-4-

DISCUSSION

Summary judgment may be granted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The relevant inquiry "is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

I.   SUBJECT MATTER JURISDICTION

Zhang alleges that jurisdiction is proper under 5 U.S.C. §§ 702 and 706 and 28 U.S.C. § 1361 "as an action of mandamus to compel a United States employee to perform a duty."  (Am. Compl. ¶ 7.)  The defendants contend that this court lacks jurisdiction over the plaintiffs' claims because 8 U.S.C. § 1252(g) strips the district courts of jurisdiction over removal matters and Zhang's new asylum application is "an attack on [the] previous removal

-5-

order" to which he is still subject that falls under the coverage
of § 1252(g).  (Defs.' Mem. in Support of Their Mot. for Summ. J.
("Defs.' Mem.") at 3.)  Zhang contends that § 1252(g) is
inapplicable to his claim because he is not seeking review of any
removal order or review of an adjudication, but rather seeking
narrow relief compelling the USCIS only to process timely his new
asylum application.  (See Pl.'s Reply at 2.)

Section 1252 sets forth the scope of judicial review of
orders of removal.  8 U.S.C. § 1252.  Under 8 U.S.C. § 1252(g),

> [e]xcept as provided in this section and
> notwithstanding any other provision of law (statutory
> or nonstatutory), including section 2241 of title 28,
> United States Code, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title, no
> court shall have jurisdiction to hear any cause or
> claim by or on behalf of any alien arising from the
> decision or action by the Attorney General to commence
> proceedings, adjudicate cases, or execute removal
> orders against any alien under this chapter.

Section 1252 provides that "the sole and exclusive means for
judicial review" of a removal order is with "the court of appeals
for the judicial circuit in which the immigration judge completed
the proceedings" resulting in an order of removal.  8 U.S.C.
§ 1252(a)-(b).  The Supreme Court has interpreted the
jurisdictional bar of 8 U.S.C. § 1252(g) to apply narrowly to the
review of the "three discrete actions by the Attorney General"
that are listed in the provision: "[his] 'decision or action' to
'commence proceedings, adjudicate cases, or execute removal
orders.'"  Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S.

471, 482 (1999). <u>Reno</u> recognized that "[t]here are . . . many other decisions or actions that may be part of the deportation process" and reasoned that it was "implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." <u>Id.</u>  The narrow relief sought in this action -- an order compelling the USCIS, an agency within DHS, <u>see</u> 6 U.S.C. § 271, to timely process the plaintiff's asylum application –– does not purport to seek review of one of the Attorney General's discrete removal-related decisions listed in § 1252(g) that is clearly within the exclusive jurisdiction of the court of appeals.

The defendants further contend that, although the USCIS's action to be compelled is not expressly listed in § 1252(g), it is nonetheless within the court of appeals' exclusive jurisdiction under the rule established in <u>Telecommunications Research and Action Center ("TRAC") v. FCC</u>, 750 F.2d 70 (D.C. Cir. 1984).  In <u>TRAC</u>, the court of appeals held that the court of appeals' jurisdiction is exclusive "over claims that affect [its] future statutory review authority" where "Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power." <u>Id.</u> at 77.  Although it is apparent that Zhang's ultimate goal is to prevent the Attorney General from executing

-7-

the removal order upheld by the First Circuit, his present claim

seeks only to compel the USCIS to act on his asylum application,

and the defendants provide no authority establishing that a claim

compelling the USCIS' to adjudicate an asylum application is

within the class of removal-related claims under § 1252(g).

Accordingly, the defendants have not shown that jurisdiction over

Zhang's claim is barred by § 1252(g).

II.  USCIS' DUTY TO ACT ON ZHANG'S NEW APPLICATION

Zhang alleges that he is entitled to injunctive relief

compelling the defendants to process and adjudicate Zhang's new

asylum application within a reasonable time period because the

USCIS breached its duty under 8 U.S.C. § 1158(a)(2)(D) and its

published procedures for processing asylum applications to timely

process his application.  The defendants contend that Zhang,

having not left the United States after the immigration judge

denied his application for asylum, is still under the immigration

court's exclusive jurisdiction.[1]  Because Zhang is still under

the jurisdiction of the immigration court, the defendants allege,

the USCIS has no jurisdiction to adjudicate his new asylum

application because his application should have been filed with

the immigration judge presiding over his case, along with a

---

[1] Zhang does not dispute the defendants' assertions that he
has not left the United States and therefore is still under the
jurisdiction of the immigration court that denied his previous
asylum application and issued the order of removal against him.

-8-

motion to reopen or reconsider his case.  (<u>See</u> Defs.' Mem. at 7,
12.)  By letter dated February 19, 2008, the USCIS informed the
Zhang that it determined that it did not have jurisdiction over
the plaintiff's new asylum application because the office
determined that Zhang is still under the exclusive jurisdiction
of the Immigration Court.  (Defs.' Notice of Filing, Ex. C,
Letter from Thomas F. McCarthy, Vermont Service Center Counsel to
Scott A. Conwell (Feb. 19, 2008) ("Feb. 19 Letter") at 1-2.)  The
letter further instructed Zhang that he could file a motion to
reopen or reconsider his application with the Executive Office
for Immigration Review ("EOIR") where the immigration judge who
denied his first application sits.  (<u>Id.</u>)

    A.   <u>APA</u>

Under the APA, a court may "compel agency action unlawfully
withheld or unreasonably delayed."  5 U.S.C. § 706(1).  As
evidenced by the word "unlawfully," relief under this section is
available only for agency action that is "legally <u>required</u>."
<u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 63 (2004).
Under 8 U.S.C. § 1158(a)(1), "[a]ny alien who is physically
present in the United States . . . , irrespective of such alien's
status, may apply for asylum in accordance with" § 1158.  Under 8
U.S.C. § 1158(a)(2)(C), an alien who has previously filed for and
been denied asylum may not apply for asylum unless the alien's
application falls within the changed circumstances exception

-9-

found in 8 U.S.C. § 1158(a)(2)(D).  Under 8 U.S.C.

§ 1158(a)(2)(D), "[a]n application for asylum of an alien may be

considered, notwithstanding [§ 1158(a)(2)(C)], if the alien

demonstrates to the satisfaction of the Attorney General . . .

the existence of changed circumstances which materially affect

the applicant's eligibility for asylum."

The defendants contend that applicants such as Zhang, who

are under the jurisdiction of the immigration court and seek

consideration of a second asylum application under

§ 1158(a)(2)(D) on the basis of changed circumstances, must file

the application with the immigration judge presiding over the

applicant's case, along with a motion to reopen or reconsider the

applicant's case.  (Defs.' Mem. at 7, 12; Feb. 19 Letter at 1-2.)

"When a court reviews an agency's construction of the statute

which it administers, it is confronted with two questions."

Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S.

837, 842 (1985).  The first question is "whether Congress has

directly spoken to the precise question at issue."  Id.  If it

has, "the court, as well as the agency, must give effect to the

unambiguously expressed intent of Congress."  Id. at 842-43.

However, "if the statute is silent or ambiguous with respect to

the specific issue, the question for the court is whether the

agency's answer is based on a permissible construction of the

statute."  Id. at 843.  When Congress has charged an agency with

-10-

the responsibility to implement a statute, a court "'must defer
to the agency's interpretation . . . if it represents a
reasonable accommodation of the conflicting policies that were
committed to the agency's care by statute.'"  <u>Back Country
Horsemen of Am. v. Johanns</u>, 424 F. Supp. 2d 89, 95 (D.D.C. 2006)
(quoting <u>New York v. EPA</u>, 413 F.3d 3, 23 (D.C. Cir. 2005)
(internal quotation marks omitted)); <u>see</u> <u>Chevron</u>, 467 U.S. at
843-44.  Further, "judicial deference to the Executive Branch is
especially appropriate in the immigration context where officials
'exercise especially sensitive political functions that implicate
questions of foreign relations.'"  <u>INS v. Aguirre-Aguirre</u>, 526
U.S. 415, 425 (1999) (quoting <u>INS v. Abudu</u>, 485 U.S. 94, 110
(1988)).  Zhang offers no authority to suggest the defendants'
interpretation of § 1158(a)(2)(D) is not an appropriate
interpretation of the duty imposed by the statute that takes into
account the related responsibilities of the USCIS to adjudicate
asylum applications and the EOIR to preside over removal
proceedings.  Accordingly, the USCIS' interpretation will be
accorded deference.  Because § 1158(a)(2)(D) does not mandate
that the USCIS adjudicate an asylum application filed by an alien
under the jurisdiction of the immigration court, Zhang has not
shown that the defendants failed to take an action required by
§ 1158 and that he is entitled to injunctive relief.

-11-

Zhang also alleges that he is entitled to injunctive relief compelling the USCIS to adjudicate his new application because the USCIS has not followed its own published procedures.  He contends that the USCIS' "Affirmative Asylum Procedures Manual" binds the agency to take certain steps to process his application, including mailing to him an Acknowledgment of Receipt notice, forwarding his file to the appropriate office, scheduling him for a new interview, and providing a new adjudication.  (Pl.'s Mem. at 6-7.)  The defendants contend that the Manual's procedures govern only adjudication of applications within an asylum office and do not apply when an applicant is under the jurisdiction of the immigration court.  (Defs.' Mem. at 7.)

A court generally "accords substantial deference to an agency's interpretations of its own regulations" or procedures. Nat'l Wildlife Fed. v. Browner, 127 F.3d 1126, 1129 (D.C. Cir. 1997) (citing Auer v. Robbins, 519 U.S. 542, 561 (1997) and Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994)). "The agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulations." Thomas Jefferson Univ., 512 U.S. at 512 (internal quotation marks omitted).

The USCIS' Manual sets forth its process for adjudicating an asylum application, including an application filed by "an

-12-

applicant who was previously denied asylum by an IJ [immigration judge] or the BIA." (Pl.'s Reply Ex. "Affirmative Asylum Procedures Manual" (November 2007) ("2007 Manual") at 127.) The parties do not dispute that the USCIS did not follow the listed steps for processing an application. However, the Manual also indicates that there are limits to the USCIS' jurisdiction to consider new applications. In the section explaining who is eligible to file an application with the asylum office, the Manual states that "[a]n asylum office may consider a new affirmative asylum application from an applicant who was previously denied asylum by an asylum officer as long as the applicant remains within the jurisdiction of the Asylum Division pursuant to 8 C.F.R. § 208.2."[2] (Pl.'s Reply Ex. 2007 Manual at 128.)[3] In addition, in the section labeled "Jurisdiction," the Manual states that "[i]n most cases in which an applicant is denied asylum by an IJ or BIA, the Asylum Division does not have

_____

[2]An earlier version of the Manual was in effect when Zhang's application was filed. Nonetheless, the 2003 version of the Manual in effect when Zhang's second asylum application was filed contained a substantially similar provision limiting the USCIS' jurisdiction when an applicant is under the jurisdiction of the immigration court. It stated: "An asylum applicant may apply for asylum after the issuance of a final denial, or dismissal of a motion to reopen or reconsider by the asylum office as long as s/he is not under the jurisdiction of the Immigration Court." (Pl.'s Mot. for Summ. J. Ex. "Affirmative Asylum Procedures Manual (February 2003)" at 7.)

[3]Subsection (b) of 8 C.F.R. § 208.2 lists categories of applicants who fall under the "exclusive jurisdiction" of the immigration court. See 8 § 208.2(b).

-13-

jurisdiction over a subsequently filed application, because necessarily a charging document had been served on the applicant and filed with EOIR." (Id.)  Thus, the language in the Manual that Zhang contends binds the USCIS to adjudicate his application expressly limits any duty to adjudicate to circumstances where the USCIS has jurisdiction over the application.  It is undisputed that the USCIS has informed Zhang that it determined it lacked jurisdiction over his application because he is still under the jurisdiction of the immigration court.  There is nothing in the excerpts Zhang presents as relevant that requires the defendants to take any further action after concluding it lacks jurisdiction over the application.[4]  Because Zhang has not shown that the defendants failed to take an action legally required of them, he has not shown he is entitled to relief under the APA.

   B.   Mandamus

   Mandamus relief under 28 U.S.C. § 1361 is similarly unavailable.  "Mandamus is a 'drastic' remedy, 'to be invoked only in extraordinary circumstances.'" Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980)).  "'Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2) the

---

   [4]The complaint does not seek review of the USCIS' determination of its jurisdiction to process the application.

-14-

defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" Id. (quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002) (internal quotation marks omitted)).  "The party seeking mandamus 'has the burden of showing that its right to issuance of the writ is clear and indisputable.'"  Power, 292 F.3d at 784 (quoting N. States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997) (internal quotation marks omitted)).  For the reasons discussed above, Zhang has not established that the defendants have any outstanding duty to act on the asylum application he filed with USCIS.  Accordingly, Zhang has failed to show that he is entitled to the relief sought by the complaint or that there is any genuine factual dispute that precludes entry of judgment for the defendants.  Thus, the defendants' motion for summary judgment will be granted, the plaintiff's motion for summary judgment will be denied, and the defendant's motion to dismiss will be denied as moot.

CONCLUSION

Because Zhang has not established that the defendants have any unfulfilled duty to act after determining the USCIS lacks jurisdiction over his second asylum application, the defendants' motion for summary judgment will be granted.  The plaintiff's motion for summary judgment will be denied, and the defendants'

-15-

motion to dismiss will be denied as moot.  A final order
accompanies this Memorandum Opinion.

        SIGNED this 30th day of March, 2009.


                                    _____/s/_____
                                    RICHARD W. ROBERTS
                                    United States District Judge